**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CRAIG–BOTETOURT ELECTRIC COOPERATIVE, Respondent.**

No. 9381.

United States Court of Appeals Fourth Circuit.

Argued Sept. 29, 1964.

Decided Oct. 6, 1964.

Herman M. Levy, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Lee A. Modjeska, Attorney, N. L. R. B., on brief), for petitioner.

George V. Gardner, Roanoke, Va. (Frederick F. Holroyd, Charleston, W. Va., on brief), for respondent.

Before SOBELOFF, Chief Judge, and FAHY and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order entered against respondent September 3, 1963, after the usual Board administrative proceedings. On substantial evidence considering the record as a whole the Board found that respondent had violated Section 8(a) (1) (3) and (5) of the National Labor Relations Act, as modified by the Labor-Management Reporting and Disclosure Act of 1959. The order requires respondent to cease and desist and to take affirmative action appropriate to the violations found. The details of the case are reported at 144 N.L.R.B. No. 33 and need not be repeated here.

■ Except for one matter to be mentioned, the issues are purely factual, and we may not disturb the resolution of those issues by the Board since, as we have said, its findings are based on substantial evidence considering the record as a whole.

■ The Board's opinion refers to events which took place more than six months prior to the filing of the charges. Respondent contends this was contrary to the provisions of Section 10(b) of the Act,[1] citing Local Lodge No. 1424, International Ass'n of Machinists v. NLRB, 362 U.S. 411, 80 S.Ct. 822, 4 L.Ed.2d 832. We do not agree, for in the present case the unfair labor practices found by the

---

1. Section 10(b) provides in part, " * * * no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board * * *."

Board were within the six-month period. The earlier events referred to were of the sort which in the Machinists case the Court said "may be utilized to shed light on the true character of matters occurring within the limitations period". 362 U.S. at 416, 80 S.Ct. at 826. In contrast, the situation in the Machinists case, as there fully explained, was one "where conduct occurring within the limitations period can be charged to be an unfair labor practice only through reliance on an earlier unfair labor practice. * * *" 362 U.S. at 417, 80 S. Ct. at 827.

The order will be enforced.